JONES, APPELLANT, *v.* LUCAS COUNTY
CHILDREN SERVICES BOARD,
APPELLEE.

(No. L-87-208 — Decided
December 16, 1988.)

*Mary L. Brogan* and *Joseph Scalzo,* for appellant.
*Cynthia Schuller,* for appellee.

*Per Curiam.* This case is before the court from a judgment of the Lucas County Court of Common Pleas, Juvenile Division.

Permanent custody of Leander, born May 28, 1980, Rosezelia, born May 29, 1981, and Marletta, born May 31, 1984, was awarded to the Lucas County Children Services Board (hereinafter "LCCSB") on May 18, 1987. Margaret Jones, natural mother of the foregoing children, appealed this judgment and on January 29, 1988, this court affirmed the judgment as to her. Execution of the judgment was stayed pending the outcome of the appeal of the natural father, Leander Jones, to this court. His timely appeal is now before us and he asserts the following assignments of error or issues for review:

"I. Whether or not the manifest weight of the evidence at hearing was sufficient to sustain a motion for permanent custody. Sections 2151.413 and 2151.414 Ohio Revised Code.

"II. The court below erred, to the prejudice of the appellant, the father of the children, in granting permanent custody to appellee, when appellant was not afforded effective assistance of counsel."

Appellant correctly states that the standard of proof in granting permanent custody is by clear and convincing evidence and that the guidelines of R.C. 2151.414 must be followed. "Clear and convincing evidence" was defined by the Supreme Court of Ohio in *Cross* v. *Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364, 120 N.E. 2d 118, 123:

"* * * Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and *unequivocal.* See *Merrick* v. *Ditzler,* 91 Ohio St., 256, 110 N.E., 493." (Emphasis *sic.*)

Former R.C. 2151.414 required the court to determine: (1) whether the county board made a "good faith effort" to implement a family reunification plan, R.C. 2151.414(A)(1); (2) whether the parent had "* * * acted in such a manner that the child is a child without adequate parental care, and will continue to act in the near future in such a manner that the child will continue to be a child without adequate parental care * * *," R.C. 2151.414 (A)(2); and (3) whether it was "* * * in the best interest of the child to permanently terminate parental rights," R.C. 2151.414(A)(3). See 138 Ohio Laws, Part II, 3373-3374.

Furthermore, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, at the syllabus.

The LCCSB established a comprehensive reunification plan ("CRP") which was filed with the court on May 9, 1986. This plan included a parenting course for appellant, a visitation schedule with his children, and a drug rehabilitation program. The record evidences that appellant acknowledged that he needed help with parenting, yet attended none of the scheduled classes; appellant did not visit his children; appellant did not keep all scheduled appointments with SASI, a drug treatment facility; and appellant failed to complete a psychological evaluation which was arranged for him. The record further establishes that appellant had a history of violent and abusive behavior with his children. Appellant currently is incarcerated. However, this incarceration did not begin until October 1986, some five months after the CRP was filed. There is no evidence that appellant did anything to remedy his situation in the period before his incarceration. Thus, his incarceration cannot be deemed the cause of his lack of follow-through.

The foregoing evidence, to which appellant stipulated, is competent, credible evidence supporting the court's finding. Appellant failed to carry out the CRP. Clear and convincing evidence established that the children are without adequate parental care and that because of appellant's behavior they would continue to be children without adequate parental care.

Accordingly, it was in the best interests of the children to grant permanent custody to LCCSB. Appellant's first assignment of error is found not well-taken.

In his second assignment of error, appellant asserts that he was not afforded effective assistance of counsel.

Appellant was appointed counsel by the court, as is his right, pursuant to R.C. 2151.352 and Juv. R. 4. See, also, *Lassiter* v. *Dept. of Social Services of Durham Cty.* (1981), 452 U.S. 18; *Beard* v. *Williams Cty. Dept. of Social Services* (1984), 12 Ohio St. 3d 40, 12 OBR 35, 465 N.E. 2d 397; *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6, 15 O.O. 3d 3, 399 N.E. 2d 66, paragraph two of the syllabus. The right to counsel includes the right to effective assistance of counsel. *In re Richardson* (Aug. 19, 1987), Scioto App. No. CA 1674, unreported, at 16, citing Kurtz & Giannelli, Ohio Juvenile Law (1985) 124, and *McMann* v. *Richardson* (1970), 397 U.S. 759. We agree with the court in *In re Richardson, supra,* that the two-part test for ineffective assistance of counsel used in criminal cases, announced in *Strickland* v. *Washington* (1984), 466 U.S. 668, 687, is equally applicable in actions by the state to force the permanent, involuntary termination of parental rights. The Supreme Court of Ohio adopted the two-prong test of *Strickland* in *State* v. *Post* (1987), 32 Ohio St. 3d 380, 388, 513 N.E. 2d 754, 762, certiorari denied (1988), 484 U.S. ____, 98 L. Ed. 2d 1023, 108 S. Ct. 1061, rehearing denied (1988), 485 U.S. ____, 99 L. Ed. 2d 719, 108 S. Ct. 1492, stating:

" 'First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient

performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' [*Strickland, supra,*] at 687. The *Strickland* standard was recently approved in *Burger* v. *Kemp* (1987), 483 U.S. [776], 97 L. Ed. 2d 638. Accord *State* v. *Smith* (1985), 17 Ohio St. 3d 98, 100, 17 OBR 219, 220-221, 477 N.E. 2d 1128, 1131; *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 395, 2 O.O. 3d 495, 497, 358 N.E. 2d 623, 626, vacated in part on other grounds (1978), 438 U.S. 910."

The court in *Strickland* cautioned at 689 that:

"Judicial scrutiny of counsel's performance must be highly deferential. * * * A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' See *Michel* v. *Louisiana* [(1955), 350 U.S. 91], *supra,* at 101. * * *"

A review of the record reveals that at the April 17, 1987 hearing, appellant's counsel pointed out to the court that she had read to appellant the facts in the complaint and that she had discussed with appellant that he had a right to take the matter to trial, that the LCCSB had the burden of proof, and that appellant had the right to cross-examine witnesses. She stated that appellant was willing to waive his rights and submit to the complaint. The court then inquired of appellant whether he understood the proceeding and the seriousness of it and its consequences. Appellant answered yes to each question. Appellant was also given an opportunity to ask any questions he might have.

Appellant claims that "* * * though he had explained to him his rights at the hearing for change of custody to permanent surrender, he was pressured into so waiving his rights and his submission to the complaint was also procured the same way." However, we do not detect any overbearance by defense counsel or the trial court and it appears from the transcript that appellant was well-aware of what was happening. Furthermore, appellant fails to point out any duty that defense counsel allegedly violated.

Appellant has failed to show that his counsel's performance was deficient. Accordingly, we find that appellant was afforded effective assistance of counsel and his second assignment of error is therefore found not well-taken.

On consideration whereof, appellant was neither prejudiced nor denied a fair hearing. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. This cause is remanded to said court for execution of judgment. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.