OPINION
Appellant, Brian Campbell, appeals from the judgment of the Auglaize County Court of Common Pleas, Juvenile Division, which granted permanent custody of his son, David Campbell, born September 17, 1994, to the Auglaize County Department of Human Services (DHS).
In August 1996, the child's natural mother, Amanda Campbell, voluntarily placed the child with DHS. On September 18, 1996, DHS filed a complaint for temporary custody alleging that the child was a neglected and dependent child. Immediate temporary custody of the child was granted to DHS. The court held a shelter-care hearing the next day and determined that the child would remain in the temporary custody of DHS pending the outcome in this matter.
After an adjudicatory hearing was held, the trial court found the child was a neglected and dependent child and upon disposition, the court granted temporary custody to DHS. In May 1997, DHS filed a motion for permanent custody. An evidentiary hearing was held over a period of two days on July 22 and 25, 1997. Attorney S. Mark Weller, a county public defender, represented both parents at that hearing. Following the hearing, the trial court granted permanent custody of the child to DHS.
Appellant now appeals from the trial court's judgment awarding permanent custody to DHS and raises two assignments of error. For his first assignment of error, appellant asserts:
 The father/appellant was denied effective assistance of counsel in that the trial court should have appointed him separate counsel once the child's mother advised the court that she wished to permanently surrender custody of her child to the Department of Human Services.
Appellant contends that he was denied effective assistance of counsel at the hearing on permanent custody. In the instant case, the following events occurred at the hearing. The first witness called by the State was the child's mother and she stated her intention to voluntarily surrender permanent custody to DHS. Attorney Weller then elicited testimony from her to establish the voluntariness of her surrender. After her testimony, counsel raised the issue of a potential conflict of interest in representing appellant as to DHS's complaint for custody. However, counsel did indicate that he was prepared to go forward on appellant's behalf. At that point, the trial court made an inquiry of the appellant and informed him of a potential conflict of interest. Appellant specifically indicated that he wished to proceed with Mr. Weller and would waive any conflict in such representation. The hearing then proceeded and Mr. Weller had the opportunity to cross-examine the State's witnesses. Furthermore, appellant was called by Mr. Weller to testify in the custody proceeding.
Under R.C. 2151.352, the right to counsel at parental termination proceedings implies effective assistance of counsel.In re Mull (Mar. 24, 1997), Seneca App. No. 13-96-38, unreported; see Jones v. Lucas Cty. Children Serv. Bd. (1988), 46 Ohio App.3d 85, syllabus; In re Richardson (Aug. 19, 1987), Scioto App. No. CA 1674, unreported; Williams Cty. Dept. of Social Services (June 4, 1982), Williams App. No. WMS-81-26, unreported. "Where there is a right to counsel, the Sixth Amendment to the United States Constitution also guarantees that representation will be free from conflicts of interest." State v. Dillon (1995), 74 Ohio St.3d 166,167. Furthermore, R.C. 2151.352 does provide for the appointment of separate counsel if the interests of two or more parties conflict. A possibility of a conflict of interest exists if the "interests of the defendants may diverge at some point so as to place the attorney under inconsistent duties." Id. at 168. In the case of an actual conflict of interests, counsel's duty to one client "tends to lead to disregard for another." Id. at 169.
In the instant case, it should be noted that the trial court did inquire of appellant whether he wished to be represented by the same counsel and that he voluntarily chose to proceed with such representation. Furthermore, while there may well be instances where there is, in fact, an actual conflict of interest in the duties of appointed counsel, we find appellant was in no way prejudiced by his counsel's representation under the circumstances of this case. Here, the child's mother was called by the State to testify and her surrender of parental rights apparently was not anticipated until the day of the hearing. In then representing the child's mother, counsel's focus was on the voluntariness of her surrender, so it cannot be said that counsel's duty to one client necessarily required him to disregard his duty to the other. Rather, an examination of the transcript reveals that appellant was zealously represented by counsel during the course of testimony presented at the custody hearing.
Accordingly, for the foregoing reasons, appellant's first assignment of error is overruled.
For his second assignment of error, appellant asserts:
 The Department of Human Services failed to show, by clear and convincing evidence, that it was in the best interest of the child to grant permanent custody to the Department of Human Services and that the child could not be placed with either parent within a reasonable period of time or should not be placed with either parent.
Appellant contends that the trial court's award of permanent custody to DHS is not supported by clear and convincing evidence. Pursuant to R.C. 2151.414(B), the trial court may grant permanent custody to DHS if the court determines by clear and convincing evidence that it is in the best interest of the child to do so and if the court finds that the child cannot be placed with either parent within a reasonable time or should not be placed with his parents. In determining the best interest of the child, the trial court must consider all relevant factors, including but not limited to, those enumerated in R.C. 2151.414(D). Those enumerated factors include, inter alia, the child's interaction and interrelationship with his parents, the wishes of the child as expressed through his guardian ad litem, the custodial history of the child, and the child's need for a legally secure permanent placement. In making the latter determination to grant permanent custody, R.C. 2151.414(E) requires that the court consider all relevant evidence, finding by clear and convincing evidence, that one or more of eleven enumerated criteria exist. As indicated in the trial court's order, the court found several provisions of R.C. 2151.414(E) to be applicable. It states that appellant has failed to remedy those problems that existed at the time the child was placed with DHS and that his history of chronic mental illness and his demonstrated lack of commitment to the child render him unable and/or unwilling to provide an adequate permanent home for the child.
A review of the record indicates that some of the case plan objectives established by DHS for reunification included that the parents attend mental health counseling and achieve mental stability, that they participate in marital counseling to improve their marital relationship, including domestic violence classes, that they attend parenting classes, that they maintain a stable home and employment, and that they regularly visit with the child. At the permanent custody hearing, the social worker assigned to this case testified that appellant has failed to complete those requirements. She noted that appellant cancelled thirty-two out of forty- seven scheduled visits with the child during the course of the case plan. Further, it was her opinion that the child not be placed back with appellant.
The social worker's statements were supported by those of other witnesses who were to provide the relevant services to appellant. In fact, these witnesses testified that appellant had not started, much less successfully completed, any of the counseling or parenting classes required by the case plan. Additionally, it was the recommendation of the child's guardian ad litem that the DHS be granted permanent custody.
Turning to the appellant's testimony, he testified that he was currently residing with his mother and also that he had no permanent employment at the time of the hearing. In addition, his testimony indicates the reason he did not attend required counseling and also the weekly visitations with the child was because of his job employment. However, there were a significant number of scheduled visits that were cancelled and the State's witnesses testified that appellant failed to initiate counseling as required. Appellant also stated during his testimony that he has been in mental health counseling since he was nine years old and has been hospitalized five times in the past for mental problems. His last hospital admission was in November 1996.
Having reviewed the record, we find that the trial court had clear and convincing evidence before it meeting the statutory criteria to terminate appellant's parental rights. Accordingly, the appellant's second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.