OPINION
Appellant, Brunhilde Clark, appeals the judgment entry by the Ashtabula County Court of Common Pleas, awarding permanent custody of her child, Ebony Hope Colbert, to the Ashtabula County Children Services Board ("CSB").
Ebony was born on December 30, 1997 to appellant and Adrian Clark. She tested positive for cocaine at birth. On January 5, 1998, pursuant to a request for an emergency telephone order, the trial court granted temporary custody of Ebony to the CSB. On January 28, 1998, Ebony was placed with appellant at Turning Point, an in-patient drug treatment center that had facilities for childcare. Appellant left Turning Point on February 6, 1998 and had Ebony placed in foster care. On March 31, 1998, the trial court adjudicated Ebony a dependent child. Timothy Adkins of the CSB developed a case plan to work towards reunification of the child with her parents. The case plan required that appellant successfully complete drug treatment and attend parenting classes.
Appellant began an out-patient drug rehabilitation program at Glenbeigh Hospital in February 1998. She started out doing well but left the program after missing thirteen of thirty scheduled sessions. In May 1998, she attended drug counseling with David Villa, of the Great Lakes Counseling until September 1998. David Villa recommended to Mr. Adkins that appellant attend a minimum of three Alcoholics Anonymous/Narcotics Anonymous meetings per week. From May 1998 through October 1998, appellant underwent nine drug tests, three of which came back positive for cocaine. After she stopped attending drug treatment, she did not remain in contact with the CSB. She did not tell them her address or phone number and called them just once between October 1998 and the end of 1998.
Although Ebony's father, Adrian Colbert, was involved in the disposition at the trial court level, he is not involved in the current appeal. Unsuccessful attempts were made at placing Ebony with Mr. Colbert and Mr. Colbert's relatives. On May 4, 1998, he was arrested for domestic violence and allegedly ransacked appellant's apartment in September 1998. The domestic violence charges were eventually dropped. At the time of the hearing, he was incarcerated for robbery.
Mr. Adkins determined that neither parent was complying with their case plans and that neither could provide a stable environment for Ebony. On April 20, 1999, the CSB filed a motion for permanent custody. On July 21 and 22, 1999, the trial court held a hearing on the motion. For reasons unclear from the record, the hearing was recessed on July 21 and reconvened on December 8 and 9, 1999. On April 4, 2000, the trial court sustained the CSB's motion granting permanent custody to the CSB.
Appellant raises the following assignments of error:
 "[1.] The court never made a proper finding of fact in its judgment entry awarding permanent custody to the state that reunification of the subject child with her parents was impossible under R.C. 2151.414; therefore, such judgment must be reversed as erroneous, and the case remanded for rehearing.
 "[2.] The attorney for the mother of the subject child's utter failure to present her testimony in rebuttal to the children service's allegations constituted ineffective assistance of counsel prejudicial to the outcome of the proceedings, and mandating reversal of the award of permanent custody to the state."
In her first assignment of error, appellant asserts that the trial court erred by not making a factual finding, as required by R.C. 2151.414, that Ebony could not be placed with either of her parents. In support of this assignment, she cites two cases from our jurisdiction, In re:Alexander (Dec. 19, 1997), Trumbull App. No. 96-T-5510, unreported andIn re: Crofts (Sept. 30, 1999), Ashtabula App. Nos. 98-A-0063 and 98-A-0064, unreported.
According to our decision in Alexander, before granting permanent custody of a child, a court must consider all of the factors set forth in R.C. 2151.414(D), which the trial court did. These factors include: the interaction of the child with parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; the wishes of the child; the custodial history of the child; the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
In Crofts, we held that it must be clear from the record that the children could not be placed with either parent. R.C. 2151.414(E) provides that, in determining whether a child can be placed with her parents within a reasonable time, a trial court shall consider all relevant evidence and must determine, by clear and convincing evidence, that one or more of several enumerated conditions exist. The condition relevant to this appeal is specified in R.C. 2151.414(E)(1):
 "Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."
The trial court addressed all of the relevant factors and determined by clear and convincing evidence that sustaining the motion for permanent custody was in the best interest of Ebony. That the CSB continually attempted to get appellant to complete drug treatment is clear from the record. Clearly, the trial court sustained the motion because of appellant's failure to successfully complete drug treatment, refrain from taking drugs, or provide a stable environment for Ebony. Appellant's first assignment of error is without merit.
In her second assignment of error, appellant asserts that she received ineffective assistance of counsel because her attorney did not call her to testify. She argues that she would have testified that the reason she left drug treatment was that people inside the facility were using drugs and that this testimony could have influenced the court in its decision.
The two-part test for ineffective assistance of counsel used in criminal cases, announced in Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 2064, is equally applicable in actions by the state to force the permanent, involuntary termination of parental rights.Jones v. Lucas Cty. Children Services Bd. (1988), 46 Ohio App.3d 85, 86546 N.E.2d 471. In State v. Post (1987), 32 Ohio St.3d 380, 388,513 N.E.2d 754, the Supreme Court of Ohio adopted a test that one asserting ineffective assistance of counsel must show that counsel's performance was deficient and the defendant must show that the deficient performance was so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Appellant's testimony would have been that she stopped treatment at the Turning Point facility because other people there were using drugs. Her case worker from CSB, Timothy Adkins, also testified that the reason appellant gave for leaving treatment was that other people were using drugs. Therefore, the testimony appellant wished to introduce was already before the court. Furthermore, substantial evidence of her failure to complete two other drug treatment programs was presented to the court. Thus, she suffered no prejudice by her failure to testify. Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
 ______________________ NADER, J.
FORD, P.J., O'NEILL, J., concur.