JOURNAL ENTRY and OPINION
Appellant Kim Dickson appeals from the trial court's order of permanent custody of her children, Wanisha Dickson, Kyeisha Dickson, Portia Dickson, and Tiara Dickson, to the Cuyahoga County Department of Children and Family Services (CCDCFS). Dickson assigns the following as errors for our review:
 I. TRIAL COURT ERRED IN FAILING TO MAKE THE COMPREHENSIVE FINDINGS CONTEMPLATED BY R.C. 2151.419
AND R.C. 2151.414 BEFORE TERMINATING APPELLANT'S PARENTAL RIGHTS.
 II. THE TRIAL COURT LACKED CLEAR AND CONVINCING EVIDENCE SUPPORTING ITS DECISION TO TERMINATE APPELLANT'S PARENTAL RIGHTS AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED IN TERMINATING PARENTAL RIGHTS AS TO WANISHA AND PORTIA DISCKSON [SIC] WHEN SERVICE HAD NOT BEEN PROPERLY MADE ON THEIR FATHERS IN VIOLATION OF THE FOURTEENTH AMENDMENT AND ARTICLE I
SECTION 10 OF THE OHIO CONSTITUTION.
Having reviewed the record and legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
Due to Kim Dickson's imprisonment in 1995 and again in 1997, on September 26, 1997 CCDCFS moved for temporary custody of her four children and charged that they were neglected. On November 5, 1997, the trial court granted temporary custody to CCDCFS. For a brief period, the children were returned to Dickson; thereafter, on August 17, 1999, CCDCFS moved for permanent custody of the children. After conducting a hearing, on January 16, 2001, the trial court granted permanent custody of the children to CCDCFS. The trial court journalized this order on February 1, 2001 stating:
 The court further [sic] finds by clear and convincing evidence that the children cannot be placed with their parents within a reasonable time or should not be placed with their parents for the following reasons pursuant to section 2151.414(E).
* * *
 As to mother, Kim Dickson; 1. * * * the parent has failed continuously and repeatedly to substantially remedy the conditions causing the children to be placed outside the home.
 2. The parent has demonstrated a lack of commitment toward the children by failing to regularly support, visit, or communicate with the children when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the children.
 3. The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the children.
This appeal follows.
During the course of oral argument before this court, Dickson's counsel conceded her first and third assigned error, thus leaving us to consider only her second assigned error. In her second assigned error, Dickson argues the trial court erred because its decision granting permanent custody to CCDCFS was against the manifest weight of evidence. We disagree.
In order to terminate parental rights and award permanent custody of a child who is neither abandoned nor orphaned to a public children's services agency, a juvenile court must find by clear and convincing evidence that: (1) the grant of permanent custody to the agency is in the best interest of the child; and (2) the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.[1] Even where the trial court must find by "clear and convincing" evidence, our standard of review in gauging the manifest weight of the evidence "retains its focus upon the existence of some competent, credible evidence."[2] Therefore, when reviewing awards of permanent custody to public children services agencies, judgments supported by some competent, credible evidence must be affirmed.[3]
CCDCFS put forth evidence that Dickson has a history of drug abuse and incarceration. At birth, each child's toxicology screens resulted positive. Further, while CCDCFS had temporary custody of her children, Dickson served a prison sentence stemming from a police drug raid on her home. Dickson served a prison term in 1995 and again in 1997 for receiving stolen property. In 2000, during the pendency of the permanent custody hearing, Dickson was again incarcerated for a probation violation.
Dickson, by her own testimony, has an unstable employment history. Upon her release from prison, Dickson held one job for a matter of weeks before leaving to work another; she held that job for about nine months until a domestic violence incident cost Dickson her eye. After a few months Dickson found a job which she kept for about 10 months. She then left that job for another which she kept for about four months at which time she was incarcerated for a probation violation. Upon her release, Dickson found a new job which she kept about one month. She left that job because of the way her supervisor spoke to her. She then found another job which she apparently held at the time of the permanent custody hearing.
In part due to her repeated incarcerations and lack of stable employment, Dickson failed to maintain stable housing. From September 1997 through March 1998, Dickson was incarcerated. She then lived with Richard Mitchell, the father of Kyeisha and Tiara. After the domestic violence incident, Dickson moved in with her sister and some friends. After a few months, CCDCFS found Dickson an apartment where she lived until forced out following sale of the building. She lived in her next home until the police conducted the drug raid and she was again incarcerated. Upon her release she again lived with some friends and relatives. Next, Dickson lived in a rental unit for a few months until her landlord evicted her for failure to pay the rent. At that time she again moved in with relatives and friends until she was re-incarcerated for her probation violation. At the time of the hearing, Dickson had yet to obtain stable housing.
The trial court's determination that the children could not or should not be placed with Dickson is supported by competent and credible evidence. Dickson has a continuing history of incarceration, lack of stable income, and lack of stable housing. The evidence adduced at trial leads us to conclude the trial court did not err in granting permanent custody of Dickson's children to CCDCFS. Consequently, Dickson's assigned error two is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Juvenile Court Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and JAMES J. SWEENEY, J., CONCUR.
[1] In re Thomas, 2000 Ohio App. LEXIS 885 (March 9, 2000), Cuyahoga App. Nos. 75330, 75331, 75332, unreported, citing In re Patterson,134 Ohio App.3d 119, 730 N.E.2d 439, 1999 Ohio App. LEXIS 4025 (1999), citing In re William S. (1996), 75 Ohio St.3d 95, 99, 661 N.E.2d 738, see, also, R.C. 2151.414.
[2] In re Thomas, supra, citing Hawn v. Pleasant, 1999 Ohio App. LEXIS 2578 (May 28, 1999), Scioto App. No. 98CA2595, unreported, citing State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
[3] In re Thomas, supra, citing In re Rowe, 1998 Ohio App. LEXIS 351 (Jan. 30, 1998), Scioto App. No. 97CA2529, unreported, citing Jones v. Lucas County Children Services Board (1988), 46 Ohio App.3d 85,86, 546 N.E.2d 471.