OPINION
{¶ 1} Appellant Mable Woolf appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted permanent custody of her two minor children, Christina Utt and Mable Utt, to the Stark County Department of Job and Family Services ("SCDJFS"). The following facts give rise to this appeal.
 {¶ 2} On March 13, 2001, SCDJFS filed a complaint alleging appellant's two minor children were dependent, neglected and abused. On June 8, 2001, the parents stipulated to a finding of dependency based upon the father's use of illegal drugs and the parents' failure to provide medical treatment and speech therapy for the youngest child's cleft lip. On February 8, 2002, upon motion of the SCDJFS, the trial court extended temporary custody of the children to September 13, 2002. On August 14, 2002, SCDJFS filed a motion for permanent custody.
 {¶ 3} However, on November 26, 2002, this motion was amended to a motion for extension of temporary custody. Temporary custody was extended to March 12, 2003. On February 10, 2003, SCDJFS filed another motion for permanent custody. Following a hearing on SCDJFS's motion, on May 5, 2003, the trial court issued written findings of fact and conclusions of law terminating appellant's parental rights and granting permanent custody of appellant's two minor children to SCDJFS.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HER UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 6} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 7} In her First Assignment of Error, appellant maintains she received ineffective assistance of counsel, at the permanent custody hearing, because counsel did not cross-examine the guardian ad litem. We disagree.
 {¶ 8} The two-part test for ineffective assistance of counsel used in criminal cases, announced in Strickland v. Washington (1984),466 U.S. 668, 687, applies in actions by the state to force the permanent, involuntary termination of parental rights. Jones v. LucasCty. Children Services Bd. (1988), 46 Ohio App.3d 85, 86. A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland, supra; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 9} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a strong presumption exists counsel's conduct fell within the wide range of reasonable professional assistance. Id.
 {¶ 10} In order to warrant a reversal, the appellant must additionally show she was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter, 72 Ohio St.3d 545, 558, 1995-Ohio-104, citing Lockhart v. Fretwell (1993), 506 U.S. 364, 370.
 {¶ 11} In support of this assignment of error, appellant maintains the guardian ad litem's report indicated that Christina wanted to return to appellant's home as long as she had assurances that appellant would not regress. Appellant claims counsel should have cross-examined the guardian ad litem about this statement, in his report, because it would have shown that the children wanted to return to appellant's care.
 {¶ 12} Appellant cites two cases in support of this argument. The first case appellant refers to is In re Hoffman, 97 Ohio St.3d 92,2002-Ohio-5368. In the Hoffman case, the Ohio Supreme Court held that parties to a permanent custody proceeding are entitled to cross-examine the guardian ad litem concerning the contents of the guardian's report. Id. at syllabus. Appellant also relies upon In re Spillman, Clinton App. No. CA2002-06-028, 2003-Ohio-713. In Spillman, the guardian ad litem submitted his report into evidence and made a brief statement under oath at the hearing. Id. at ¶ 11. Counsel for mother requested to cross-examine the guardian ad litem and the trial court denied mother's request. Id. In concluding that mother should have been permitted to cross-examine the guardian ad litem, the Twelfth District Court of Appeals explained that:
 {¶ 13} "* * * [T]he guardian's report contains evidence that was not submitted or testified to at the hearing, including statements made to the guardian by the children themselves. The report also contains the conclusions and opinions of the guardian regarding issues bearing on appellant's ability to parent. * * * Given these facts, we find that appellant [mother] should be given the opportunity to cross-examine the guardian ad litem." Id. at ¶ 13.
 {¶ 14} We find the Spillman case distinguishable from the matter currently under consideration. First, unlike in Spillman, the record indicates counsel never requested to cross-examine the guardian ad litem. Second, the statement appellant refers to in the report of the guardian ad litem was also made by the caseworker, Melissa McCoy, at the permanent custody hearing. This portion of the testimony is as follows:
 {¶ 15} "Q. Have the children made any indication to you of whether or not they want to go home?
 {¶ 16} "A. Mable has not, Christina has indicated that she does not want to go home.
 {¶ 17} "Q. Has she said why?
 {¶ 18} "A. She said because she feels that if she would go home that she would end up in foster care again, that she would be either neglected or abused again." Tr. at 47-48.
 {¶ 19} Thereafter, counsel for appellant cross-examined Ms. McCoy. However, in doing so, counsel did not question Ms. McCoy about Christina's decision or her reasons for not wanting to return home to appellant. Clearly, the facts of the case sub judice differ from those presented in Spillman since Ms. McCoy testified about Christina's desire not to return home and her reasons for this decision, which is the same statement the guardian ad litem made in his report.
 {¶ 20} Accordingly, we conclude counsel was not ineffective for failing to request that he be permitted to cross-examine the guardian ad litem. Unlike in Spillman, the statement appellant challenges, in the guardian ad litem's report, was also presented at trial during the direct examination of Ms. McCoy. The guardian ad litem's report did not state facts that were not testified to at trial. Thus, there was no need for counsel to inquire of the guardian ad litem about this statement because if counsel thought it necessary to do so, he could have questioned Ms. McCoy about Christina's statement.
 {¶ 21} Appellant's First Assignment of Error is overruled.
 II {¶ 22} In her Second Assignment of Error, appellant maintains the trial court's decision that the best of the children would be served by granting permanent custody to SCDJFS is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 23} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 24} Appellant challenges the trial court's finding as it pertains to best interest. R.C. 2151.414(D) sets forth the factors a trial court is to consider when determining best interest. This statute provides, in pertinent part:
 {¶ 25} "(D) In determining the best interest of a child * * *, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 26} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 27} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 28} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 29} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 30} "(5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 31} "For purposes of this division, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."
 {¶ 32} We have reviewed the record in this matter and conclude the trial court's judgment is not against the manifest weight and sufficiency of the evidence. Ms. McCoy testified about the interaction and interrelationship of the children with appellant. Ms. McCoy stated that Christina is often upset at visits with appellant and often asks her mother to stop talking about the issues upsetting her. Tr. at 44. Sometimes, Christina leaves the visits as a result of being upset with appellant. Id. Ms. McCoy also testified that, "Mable is very disengaged, she doesn't seem to have as much of an attachment as Christina and she — she doesn't care if she goes to the visits or misses them." Id. Ms. McCoy also noted that the children are bonded with their foster parents and they are capable of bonding with new foster parents. Id. at 45.
 {¶ 33} Ms. McCoy also testified about the wishes of the children concerning placement. Christina indicated to Ms. McCoy that she does not want to return to appellant's custody. Id. at 46. As noted in the First Assignment of Error, Christina also informed the guardian ad litem that she does not want to return to appellant's custody.
 {¶ 34} Ms. Amy Thomas, the children's therapist, testified about her attempts to meet with the parents. Both parents failed to appear at any scheduled appointment. Id. at 53. Ms. Thomas stated that the current instability has a detrimental effect on the children and that any harm caused by breaking the relationship between them would be outweighed by the benefits of stability occurring through permanent custody. Id. at 56, 58.
 {¶ 35} Finally, the trial court found that, in considering the custodial history of the children, the children have been in the temporary custody of SCDJFS for over twelve of the past twenty-two consecutive months.
 {¶ 36} The trial court's findings concerning best interests and decision to grant permanent custody to SCDJFS is not against the manifest weight of the evidence. There is relevant, competent and credible evidence to support the trial court's decision.
 {¶ 37} Appellant's Second Assignment of Error is overruled.
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.