DECISION
{¶ 1} Appellant, Juanita Teasley, appeals from judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting Franklin County Children Services ("FCCS") permanent custody of her children, Juan Michael Teasley (case No. 03AP-196) and Juan Turner Teasley (case No. 03AP-227). Because neither of appellant's assigned errors has merit, we affirm.
 I. A. Juan Turner Teasley {¶ 2} Appellant gave birth to Juan Turner Teasley on March 31, 2000. When he was five-months-old, FCCS filed a complaint to have him declared a dependent child. Pursuant to a hearing held in November 2000, the magistrate issued a decision on December 7, 2000, finding him to be a dependent minor. The trial court adopted the magistrate's decision through a judgment entry entered the same day.
 {¶ 3} On December 14, 2000, appellant, through counsel, filed objections to the magistrate's decision. She requested a transcript of the hearing, which was provided at state expense. When the objections were heard on March 13, 2001, appellant failed to appear. Counsel for appellant indicated an inability to communicate with appellant; she requested both that counsel be permitted to withdraw from representing appellant and that the objections be withdrawn. The trial court allowed counsel to withdraw and dismissed the objections.
 {¶ 4} On May 30, 2001, FCCS filed a motion for permanent custody of Juan Turner Teasley. The magistrate issued a decision on August 30, 2001, granting permanent custody to FCCS; the trial court adopted the magistrate's decision with a judgment entry entered the same day.
 {¶ 5} Appellant responded on November 13, 2001 with a pro se "Motion to Set Aside Judgment Order Terminating Parental Rights." Appellant also filed objections to the magistrate's decision of December 7, 2000. Through counsel, appellant, on March 18, 2002, filed a supplemental memorandum in support of objections to the decision of the magistrate, as well as a supplemental Civ.R. 60(B) motion for relief from judgment dismissing appellant's December 14, 2000 objections.
 {¶ 6} The trial court considered the matter on April 15, 2002 and granted appellant's Civ.R. 60(B) motion for relief from judgment. The trial court determined appellant "has illustrated to the Court that her correct address was available to the Court. Further, it was shown that the Court did not use the correct address in perfecting service. Service of [appellant] was not properly made pertaining to the December 7, 2001 [sic] hearing. Lack of service violated [appellant's] right to due process. This Court finds [appellant], Juanita Teasley's, Supplemental Motion for Relief from Judgement [sic] well taken and hereby GRANTS the same. Therefore, the March 13, 2000 dismissal of the Objection to the Magistrate's Order is hereby vacated." (Trial Court's July 23, 2002 Judgment Entry, 3.)
 {¶ 7} On August 30, 2002, appellant, through counsel, filed a Civ.R. 60(B) motion regarding the trial court's order granting permanent custody to FCCS. Appellant argued that, for the same reason the trial court had granted Civ.R. 60(B) relief with respect to the objections, relief was appropriate regarding the order granting permanent custody to FCCS. Appellant, however, failed to appear for the Civ.R. 60(B) hearing on the permanent custody order. Accordingly, by entry filed February 11, 2003, the trial court dismissed appellant's Civ.R. 60(B) motion and at the same time overruled her objections to the magistrate's decision. Appellant filed a timely notice of appeal on March 10, 2003.
 B. Juan Michael Teasley {¶ 8} Appellant gave birth to Juan Michael Teasley on August 19, 2002. When he was three-months-old, FCCS filed a complaint seeking that Juan Michael Teasley be declared a dependent child pursuant to R.C.2151.04(B) and (C) and that FCCS be granted permanent custody of him. Following a hearing on January 21, 2003, the trial court issued a judgment entry on January 30, 2003, finding Juan Michael Teasley to be a dependent child and granting permanent custody of him to FCCS. Appellant timely appealed on March 3, 2003.
 II. {¶ 9} On appeal, appellant assigns the following errors with respect to both cases:
1. It Is Ineffective Assistance Of Counsel Per Se For Trial Counsel, In A Case In Which The Client Has Expressly Stated Her Desire To Seek Relief In The Court Of Appeals To Fail To Seek Findings Of Fact Or Conclusions Of Law In The Trial Court.
2. It Is Ineffective Assistance Of Counsel Prt [sic] Se For Counsel Who Has Filed A Notice Of Appeal To Fail To Request A Transcript Of The Proceedings For Submission To The Reviewing Court Along With The Trial Court Record.
 {¶ 10} Although appellant's brief intermingles the facts of the two cases consolidated on appeal, as appropriate, we will address each assignment of error separately as to each child.
 {¶ 11} Appellant's first assignment of error contends her counsel was ineffective in failing to seek findings of fact or conclusions of law from the trial court. "The two-part test for ineffective assistance of counsel used in criminal cases announced in Strickland [v. Washington (1984), 466 U.S. 668] * * * is equally applicable in actions by the state to force the permanent, involuntary termination of parental rights." Jones v. Lucas County Children Services Bd. (1988), 46 Ohio App.3d 85,86. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052
requires that appellant first show counsel's performance was deficient. To meet that requirement, appellant must show her attorney made errors so serious "that counsel was not functioning as `counsel' as guaranteed by the Sixth Amendment." Id. at 687. In addition, appellant must show that counsel's deficient performance prejudiced her case. To meet the second requirement, appellant must show that counsel's errors "were so serious as to deprive [appellant] of a fair trial, a trial whose result is reliable." Id. In effect, appellant must show that there is a "reasonable probability" that, but for counsel's errors, the result of the trial would have been different. Id. at 694.
 A. Juan Turner Teasley {¶ 12} In the case of Juan Turner Teasley, the magistrate's December 7, 2000 decision made Juan a ward of the court and committed him to the temporary custody of FCCS. Former R.C. 2151.353(A)(2). Pursuant to former R.C. 2151.353(H), if the court issued a dispositional order under former R.C. 2151.353(A) removing a child from his home, the court was required to comply with R.C. 2151.419 and determine "whether the public children services agency * * * has made reasonable efforts to prevent the removal of the child from his home, to eliminate the continued removal of the child from his home, or to make it possible for the child to return home." R.C. 2151.419(A). In addition, R.C. 2151.419(B) requires the court to issue written findings of fact to support its determination under R.C. 2151.419(A) and to describe briefly "the relevant services provided by agency to the family of the child and why those services did not prevent the removal of the child from his home or enable the child to return home."
 {¶ 13} Here, the magistrate made lengthy findings of fact that described the dangers posed to the child if he remained with appellant. The magistrate further stated:
[T]he Magistrate is convinced that Ms. Teasley is not capable at this time of properly and safely caring for Juan. Additionally, Ms. Teasley's actions in not visiting with her son subsequent to the filing indicate a lack of concern (or ability) on her behalf to care for Juan.
Continuation in the child's own home would be contrary to the child's welfare and that reasonable efforts have been made to prevent or eliminate the need for removal of said child from the child's own home.
Placement and casework services were provided by the Agency to the family of the child, but the removal of the child from home continues to be necessary because the circumstances giving rise to the original filing have not been sufficiently alleviated.
The evidence regarding FCCS' efforts supports the magistrate's findings. According to the transcript, FCCS attempted to initiate mental health services for appellant, but appellant initially refused to go to Netcare. Even though appellant subsequently changed her mind and reported for an evaluation, she refused to release the results to the FCCS caseworker. Similarly, although FCCS established a visitation schedule for appellant to visit with Juan, appellant did not comply with it.
 {¶ 14} Because the magistrate's decision complied with the requirements of former R.C. 2151.353, including R.C. 2151.419, appellant's first assignment of error is not well-taken regarding the court's order declaring Juan Turner Teasley to be a dependent child.
 {¶ 15} Permanent commitment of Juan Turner Teasley was determined through the trial court's judgment entry of August 30, 2001, adopting the magistrate's decision that concluded permanent custody was in the best interests of the child. Because the determination was made pursuant to R.C. 2151.414, the trial court, through the magistrate, was required "upon the request of any party" to file a written opinion setting forth its findings of fact and conclusions of law in relation to the proceeding. R.C. 2151.414(C).
 {¶ 16} Although no party specifically requested them, the magistrate in her decision included findings of fact and conclusions of law regarding the proceeding and, in particular, determined that continuation in the child's own home would be contrary to the child's welfare. Moreover, the magistrate concluded that reasonable efforts had been made to prevent or eliminate the need for removal of the child from the child's own home. In support of that conclusion, the magistrate noted that although FCCS had implemented a case plan, appellant was never able to complete the case plan, and in fact her whereabouts were unknown. Similarly, the alleged father had made himself unavailable for FCCS' services. Concluding that Juan Turner Teasley's stability could only be achieved through a permanent commitment, the magistrate granted FCCS' motion. The magistrate's order, adopted by the trial court, complies with R.C. 2151.414(C).
 {¶ 17} As the guardian ad litem notes, however, the appeal of Juan Turner Teasley's case is not from the trial court's August 30, 2001 judgment entry granting permanent custody to FCCS. Rather, appellant appeals from the trial court's February 11, 2003 judgment entry overruling appellant's Civ.R. 60(B) motion for relief from judgment. The judgment entry explains that the motion was dismissed because appellant failed to appear for the hearing. No further findings were necessary to explain the trial court's action. As a result, counsel's performance cannot be deemed deficient in failing to request what could not be provided: additional findings of fact or the conclusions of law that arise from them.
 B. Juan Michael Teasley {¶ 18} The services of a magistrate were not employed in Juan Michael Teasley's proceedings. Rather, the trial court heard the matter on January 21, 2003 and issued a judgment entry on January 30, 2003, declaring Juan Michael Teasley a dependent minor child and granting permanent custody of him to FCCS pursuant to R.C. 2151.353. As noted, R.C. 2151.353(H) implicates R.C. 2151.419, which requires that the court's findings of fact "briefly describe the relevant services provided by agency to the family of the child and why those services did not prevent the removal of the child from his home or enable the child to return home." R.C. 2151.419(B).
 {¶ 19} The trial court's findings at least minimally comply with R.C. 2151.419. The trial court determined many efforts had been made to assist appellant, but appellant remains "uncooperative and unreasonable in her requests." (Jan. 30, 2003 Decision, 2.) The court noted appellant had mental health issues that had not been addressed "despite the efforts of the Court and Franklin County Children Services." Id. Further noting that appellant had not visited the child since December 16, 2002, the court stated:
The Court finds that continuation in the child's own home would be contrary to the child's welfare and that reasonable efforts have been made to prevent or eliminate the need for removal of said child from the child's own home.
Placement and casework services were provided by the Agency to the family of the child, but the removal of the child from home continues to be necessary because the circumstances giving rise to the original filing have not been sufficiently alleviated.
We recognize that the language the trial court employed, in part, is virtually identical to the magistrate's findings in Juan Turner Teasley's case; we do not suggest "boilerplate" findings will suffice. Initially, we note the trial court made findings specific to Juan Michael's case. Moreover, the two entries dealt with the same mother who continued to refuse to cooperate in both cases. As a result, the trial court's findings in Juan Michael Teasley's case necessarily parallel those in Juan Turner Teasley's case.
 {¶ 20} Because the trial court, both in its own judgment entry regarding Juan Michael Teasley, as well as in the magistrate's decisions that the trial court adopted regarding Juan Turner Teasley, stated the necessary findings of fact and conclusions of law, counsel's performance was not deficient in failing to request findings of fact and conclusions of law. Appellant's first assignment of error is overruled.
 {¶ 21} Appellant's second assignment of error asserts counsel who filed the notice of appeal for appellant was ineffective in failing to procure a transcript for the appellate process. Appellant seems to suggest the attorney who filed the notice of appeal is the only person capable of procuring a transcript for purposes of appeal.
 {¶ 22} To the contrary, through the action of the guardian ad litem, the record was supplemented with the transcript of the hearing before the trial court regarding Juan Michael Teasley, and that transcript is before this court for the court's use. Similarly, the record contains the transcript of the dependency hearing before the magistrate concerning Juan Turner Teasley. The only transcript not in the record is the transcript of the apparently brief permanent custody proceeding regarding Juan Turner Teasley. Appellant, however, did not appeal from that determination. Accordingly, appellant suffered no prejudice from counsel's failure to procure the transcript of that proceeding. Appellant's second assignment of error is overruled.
 {¶ 23} Having overruled both of appellant's assignments of error, we affirm the judgments of the trial court.
Judgments affirmed.
KLATT and SADLER, JJ., concur.