[Cite as *In re R.F.*, 2014-Ohio-788.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

R.F., JR.

A DEPENDENT CHILD

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 13 CA 95

O P I N I O N

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. F2011-0545

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 3, 2014

APPEARANCES:

For Appellee LCJFS

KENNETH W. OSWALT
PROSECUTING ATTORNEY
JAMES MILLER
ASSISTANT PROSECUTOR
20 South Second Street, 4th Floor
Newark, Ohio 43055

For Appellant Mother

JOHN D. WEAVER
542 South Drexel Avenue
Bexley, Ohio 43209

*Wise, J.*

{¶1}.  Appellant Christina Laroe appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, which granted permanent custody of her son, R.F., Jr. to Appellee Licking County Job and Family Services ("LCJFS"). The relevant facts leading to this appeal are as follows.

{¶2}.  R.F., Jr., born in October 2010, is the son of Appellant Laroe and R.F., Sr.[1] On September 13, 2011, LCJFS filed a complaint alleging dependency, based on concerns of domestic violence between the parents, as well as issues of homelessness, unemployment, mental health diagnoses, anger management, and suspected drug abuse. LCJFS was granted temporary custody of R.F., Jr. via shelter care on September 13, 2011. The trial court further issued orders on November 15, 2011, following a hearing, adjudicating R.F., Jr. as a dependent child and maintaining temporary custody with LCJFS.

{¶3}.  On April 2, 2012, LCJFS filed a motion for permanent custody. A magistrate's hearing on the permanent custody motion was scheduled for June 5, 2012. After hearing the evidence, the magistrate took the matter under advisement, but additionally orally suspended appellant's visitation with R.F., Jr. based on appellant's attempt to abscond with the child during a supervised visit on June 4, 2012. See Tr. at 75-82, 174.

{¶4}.  The magistrate issued a decision on June 13, 2012, recommending permanent custody of R.F., Jr. to LCJFS.

---

{¶1}.  [1]  R.F., Sr. has not appealed the permanent custody ruling at issue.

{¶5}. Appellant filed objections to the decision of the magistrate on June 22, 2012. Following the preparation of a transcript, appellant filed supplemental objections to the magistrate's decision on August 8, 2012.

{¶6}. On February 20, 2013, while the objections were pending, appellant filed a motion to reinstate visitation. Said motion was overruled following a review hearing on March 7, 2013.

{¶7}. On October 1, 2013, more than a year after appellant's objections, the trial court issued a decision approving the decision of the magistrate to grant permanent custody of R.F., Jr. to the agency.

{¶8}. On October 23, 2013, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶9}. "I.    APPELLANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶10}. "II.    THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONSIDERING APPELLANT'S USE OF PROFESSIONAL RESOURCES TO REMEDY THE CONDITIONS THAT LEAD (SIC) TO REMOVAL PURSUANT TO R.C. § 2151.414(E)(1)."

I.

{¶11}. In her First Assignment of Error, appellant maintains she did not receive the effective assistance of counsel during the trial court proceedings. We disagree.

{¶12}. The two-part test for ineffective assistance of counsel used in criminal cases, set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, applies in actions by the state seeking permanent termination of

parental rights. *See Jones v. Lucas Cty. Children Services Bd.* (1988), 46 Ohio App.3d 85, 86, 546 N.E.2d 471. A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland, supra*; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶13}. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley* at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

{¶14}. In order to warrant a reversal, the appellant must additionally show she was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." *State v. Carter,* 72 Ohio St.3d 545, 558, 1995–Ohio–104*,* citing *Lockhart v. Fretwell* (1993), 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180.

{¶15}. The crux of appellant's claim of ineffective assistance goes to her trial counsel's purported failure to file a writ of procedendo during the time the permanent custody motion was pending, which was well in excess of the two-hundred-day time period directed in R.C. 2151.414(A)(2). Appellant directs us to *In re Davis*, 84 Ohio

St.3d 520, 705 N.E.2d 1219, 1999-Ohio-419, for the proposition that claimed violations of such time requirements in permanent custody cases are properly remedied by filing a complaint for a writ of procedendo.

{¶16}. However, it is well-established that a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the appellant as a result of the alleged deficiencies. *See Bradley* at 143, quoting *Strickland* at 697. Furthermore, "[a] defendant must demonstrate actual prejudice, and speculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel." *State v. Halsell*, 9th Dist. Summit No. 24464, 2009-Ohio-4166, ¶ 30, citing *State v. Downing,* 9th Dist. Summit No. 22012, 2004–Ohio–5952, ¶ 27. In the case sub judice, the record reveals appellant tested positive for drugs several times, including once for cocaine, once for opiates, and twice for marijuana, after the agency obtained temporary custody of the child. She also failed to maintain mental health counseling, did not obtain stable independent housing, had no income and lost her eligibility for cash assistance, leading to the guardian ad litem's summary statement to the trial court that appellant had made "no progress whatsoever" on her case plan services. *See* Tr. at 173.

{¶17}. Under such circumstances, appellant fails to persuade us that the outcome of permanent custody to LCJFS under the circumstances presented would have been altered had her trial counsel, via a writ of procedendo, compelled the issuance of the final decision any sooner following her objections to the magistrate's decision. We therefore find no demonstration of ineffective assistance on the part of appellant's trial counsel.

**{¶18}.** Accordingly, appellant's First Assignment of Error is overruled.

II.

**{¶19}.** In her Second Assignment of Error, appellant contends the trial court abused its discretion by allegedly not considering appellant's use of professional resources to remedy the conditions that led  to removal of the child. We disagree.

**{¶20}.** R.C. 2151.414(B)(1) reads as follows: "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

**{¶21}.** "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

**{¶22}.** "(b) The child is abandoned.

**{¶23}.** "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

**{¶24}.** "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *."

{¶25}. In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (see R.C. 2151.414(B)(1)(a), *supra*), a trial court is to consider the existence of one or more factors under R.C. 2151.414(E), including whether or not "[f]ollowing the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, *the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties*." *See* R.C. 2151.414(E)(1) (emphasis added).

{¶26}. The gist of appellant's argument is that the trial court failed to properly weigh her limited attempts to utilize various services to deal with the serious issues in her life against the span of just seven months she had available to her (representing the time between the disposition and adoption of the case plan on November 15, 2011 and the magistrate's decision of June 13, 2012).

{¶27}. However, as this Court has frequently recited, it is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will

have on the lives of the parties concerned." *In re Mauzy Children* (Nov. 13, 2000), Stark App.No. 2000CA00244, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. In light of appellant's ineffectual progress in this matter, we concur with the agency's assertion that it should not be required to have R.F., Jr. wait out a lengthier time period before moving toward a permanency goal in the child's best interest. We find the trial court's decision in this regard did not constitute an abuse of discretion.

{¶28}. Appellant's Second Assignment of Error is overruled.

{¶29}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 0214