DECISION AND JUDGMENT ENTRY
{¶ 1} Bryan Christopher Sturm ("Appellant") appeals his adjudication for delinquent gross sexual imposition and his commitment to the Department of Youth Services. He argues: (1) the adjudication was against the manifest weight of the evidence; (2) the trial court erred when it allowed a witness to testify to the victim's credibility; (3) the trial court violated Appellant's right of confrontation by allowing certain hearsay evidence; and (4) he was denied his right to the effective assistance of counsel. Because we determine that the adjudication was supported by the evidence, that trial counsel waived an appellate challenge to the admission of certain evidence by failing to object to its admission in the lower proceedings, and that the result of the proceeding below would not have been different but for counsel's errors, we affirm the judgment of the trial court.
 {¶ 2} On October 23, 2004, Appellant's minor female cousin ("victim") alleged that she was attacked and sexually molested by Appellant while spending the night at the residence of her aunt, Tammy Sturm, Appellant's mother. The attack allegedly occurred after a party involving alcohol consumption by most of the minors present. The victim alleged that Appellant pinned her on the couch, and she could not breathe because his chest was around her mouth area. She testified that Appellant began trying to take off her clothes. She testified that Appellant reached up her shirt and fondled her breasts over the top of her bra. The victim testified that Appellant started licking her neck. She also testified that Appellant reached down and took off her pants, ripping her jeans below the belt to the inner seam in the process. She testified that Appellant also removed her underwear when he took off her pants. The victim testified that Appellant tried to take off his pants also. She testified that she repeatedly told Appellant "no" and to get off of her. The victim testified that after kicking and thrashing, she was able to get Appellant off of her.
 {¶ 3} After the attack, the victim sought refuge and comfort from other teenage females who were also spending the night at the residence. The victim had difficulty fully expressing what had occurred, but the other girls present at the residence became aware that something upsetting and unusual had happened.
 {¶ 4} The victim's mother was out of town during the attack. Unable to reach her mother, the victim contacted two of her former teachers regarding the alleged attack. Both former teachers informed the victim that they were required under law to report the attack. One of the victim's former teachers reported the attack to the Washington County Sheriff's Office; the other former teacher reported the incident to the Washington County Children's Services Department.
 {¶ 5} As a result of these two reports, the appropriate authorities conducted a thorough investigation of the alleged events. Throughout the investigation, Appellant denied the allegations. The investigation led to the filing of charges against Appellant. Juvenile proceedings were held on December 16, 2004, and April 27 and 29, 2005. At the conclusion of the proceedings, the court found sufficient credible evidence to establish beyond a reasonable doubt that Appellant committed the offense of gross sexual imposition in violation of R.C.2907.05(A)(1), and therefore adjudicated Appellant a delinquent child. At the dispositional hearing, the court committed Appellant to the legal custody of the Department of Youth Services for institutionalization for an indefinite term, consisting of a minimum period of six months up to a maximum age, not to exceed 21.
 {¶ 6} Appellant now appeals the court's adjudication, asserting the four following assignments of error:
 {¶ 7} I. THE TRIAL COURT VIOLATED BRYAN CHRISTOPHER STURM'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION WHEN IT ADJUDICATED HIM DELINQUENT OF GROSS SEXUAL IMPOSITION WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} II. BRYAN CHRISTOPHER STURM'S RIGHT TO DUE PROCESS AND A FAIR TRIAL WERE VIOLATED WHEN ONE OF THE STATE'S WITNESSES WAS PERMITTED TO TESTIFY AS TO THEIR OPINION OF THE VERACITY OF A CHILD DECLARANT IN VIOLATION OF THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 16, ARTICLEI OF THE OHIO CONSTITUTION, STATE V. BOSTON (1989),46 Ohio St.3d 108, 128, 545 N.E.2d 1220, AND STATE V. EASTHAM (1988),39 Ohio St.3d 307, 312, 530 N.E.2d 409.
 {¶ 9} III. THE TRIAL COURT VIOLATED BRYAN CHRISTOPHER STURM'S RIGHT OF CONFRONTATION BY ALLOWING HEARSAY EVIDENCE IN VIOLATION OF OHIO RULES OF EVIDENCE 801(C) AND 802, THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 10} IV. BRYAN CHRISTOPHER STURM WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT TO INADMISSIBLE TESTIMONY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, STATE V. BOSTON (1989), 46 Ohio St.3d 108, 128,545 N.E.2d 1220, AND STATE V. EASTHAM (1988),39 Ohio St.3d 307, 312, 530 N.E.2d 409.
 {¶ 11} We will first address Appellant's contention that the adjudication of delinquency was against the manifest weight of the evidence. When faced with a challenge as to the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the lower court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541;State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. In reviewing a claim that a judgment is against the manifest weight of the evidence, we will not reverse a conviction where there is substantial evidence upon which the trier of fact could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus.
 {¶ 12} Appellee presented evidence through the victim's testimony to support the adjudication of Appellant as a delinquent child. The victim's testimony was supported by the testimony of two other witnesses who were present at the scene when the alleged gross sexual imposition offense occurred. Appellee also presented the testimony of two of the victim's former teachers whom she contacted soon after the alleged incident to seek advice. Additionally, Appellee presented the testimony of two detectives who investigated the alleged offense.
 {¶ 13} On the contrary, Appellant presented the testimony of two individuals who were not present at the scene during the alleged offense. One witness testified solely that the victim had alleged in the past that he had touched her inappropriately. Appellant's other witness was a former friend of the victim who alleged that the victim stated to her in a phone conversation that Appellant had not raped her.
 {¶ 14} Weighing the evidence and considering the credibility of the witnesses, we do not find that the trial court lost its way and created a manifest miscarriage of justice in its resolution of the case. Appellee presented substantial evidence upon which the trier or fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. Appellant's first assignment of error is therefore without merit.
 {¶ 15} Next, we will address Appellant's argument that his due process and fair trial rights were violated by the testimony of a witness regarding her opinion of the veracity of a child declarant. The testimony at issue, given by one of the victim's old teachers ("teacher") whom the victim called following the alleged attack, is as follows:
"Q. (Counsel for Appellee): Did you then, after your conversation with [the victim], make the mandatory report?
"A. (Teacher): Yes, I did.
"Q. (Counsel for Appellee): And whom did you call?
"A. (Teacher): I called the Sheriff's Office, and I can't tell you who I talked to. Sorry.
"Q. (Counsel for Appellee): And that's —
"A. (Teacher): I don't know.
"Q. (Counsel for Appellee): — that's fine. And again, relying on your 20 years experience with — with young teenage girls, and in particular, knowing [the victim] as well as you do, was it your impression that she was in earnest, or was this just a young woman with a —
"A. (Teacher): She was totally in earnest."
 {¶ 16} Appellant's trial counsel did not object to the admission of this statement in the proceedings below. It is well-established that failure to object to the actions of the lower court waives a party's right to challenge those actions on appeal. See Stores Realty Co. v. Cleveland, 41 Ohio St.2d 41,43, 322 N.E.2d 629. In light of this seasoned practice, Appellant has waived his ability to challenge the admission of the teacher's testimony in this appeal. Therefore, his second assignment of error is not well taken.
 {¶ 17} Next, we address Appellant's third assignment of error, asserting that the trial court violated his right to confrontation by allowing certain hearsay statements into evidence in violation of Ohio Rules of Evidence 801(c) and 802, the Sixth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution. TheSixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." This provision is generally known as the Confrontation Clause. This procedural guarantee applies to both federal and state constitutions. Crawford v. Washington (2004), 541 U.S. 36, 42,124 S.Ct. 1354, citing Pointer v. Texas, 380 U.S. 400, 406,85 S.Ct. 1065. A defendant's right to confront and cross-examine witnesses against him under the Confrontation Clause applies to those who bear testimony against him, which is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact. See generally Crawford, supra. Due process must be observed in juvenile court proceedings notwithstanding the parens patriae theory which has historically permitted "relaxed" proceedings. In re Gault (1966),387 U.S. 1, 30, 87 S.Ct. 1428. Specifically, the right of confrontation applies to juvenile delinquency hearings. Id.
 {¶ 18} Appellant contends that the victim's statements regarding the reaction of Appellant's mother upon learning of the alleged events were inadmissible hearsay and their admission into evidence violated his confrontation rights. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ohio Evid.R. 801(C). The statements in question are as follows:
"Q. (Counsel for Appellee): When your Aunt Tammy returned, what did you see or hear her do?
"A. (Victim): She was screaming at Christopher and Christopher was laying — sitting, like, slumped on the couch, and like — because whenever I heard her, in the bathroom, screaming at him, telling him that this is the last time he's ever going to do anything. He'd better pack his stuff. He's going — he's leaving — he's going to the Open Door Home. She's taking him. All this stuff."
 {¶ 19} The above statements do not meet the definition of hearsay as set forth in Ohio Evid.R. 801(C). While they are out of court statements, they are not offered to prove the truth of the matter asserted, i.e., that Appellant is guilty of gross sexual imposition. The statements, therefore, do not present an issue under the Confrontation Clause.
 {¶ 20} Furthermore, trial counsel did not object to the admission of the aforementioned evidence at any point during the trial. As stated supra, counsel's failure to object waives his right to raise this issue on appeal. See Schrock, supra. Appellant's third assignment of error is, therefore, without merit.
 {¶ 21} Finally, we address Appellant's contention that his counsel was ineffective for failing to object to certain witness testimony propounded in the case sub judice. In order to prevail on an ineffective assistance of counsel claim, Appellant must show that counsel's representation fell below an objective standard of reasonableness, and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of that proceeding would have been different, when considering the totality of the evidence that was before the court. In re Roux (1998), Noble App. No. 238, 1998 WL 551990, at *2, citing Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. The standards of effective representation set forth in Strickland, supra, are applicable to juvenile proceedings in Ohio. Roux, supra, at *2, citing Jones v. LucasCounty Children Services Board (1988), 46 Ohio App.3d 85,546 N.E.2d 471.
 {¶ 22} When taking into account all of the evidence before the court, there is not a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. Despite counsel's failure to object to the testimony advanced by the teacher regarding the victim's credibility and the victim's testimony regarding Appellant's mother's reaction upon learning of the alleged events, the other evidence presented by Appellee was sufficient to reasonably cause the court to conclude that all essential elements of the offense had been established beyond a reasonable doubt. Thus, Appellant's fourth assignment of error is not well taken.
 {¶ 23} Therefore, because there is substantial evidence upon which the trial court could reasonably conclude that all the elements of the offense have been proven beyond a reasonable doubt, because counsel did not object to the admission of certain evidence in the lower proceedings, and because the result of the proceeding would not have been different but for counsel's failure to object, we affirm the lower court's decision adjudicating Appellant a delinquent child.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court — Juvenile Division to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment Only.