DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division. The following facts are relevant to our disposition of this cause.
 {¶ 2} On the evening of August 31, 2006, Karen B. and her boyfriend, William F., decided to visit Troy D., who was dating Karen's daughter. Appellant, *Page 2 
Anthony G., who, according to the complaint filed in the juvenile court, was born on September 6, 1990, was, among others, also present at Troy's home on that evening. Anthony was Troy's babysitter and neighbor.
 {¶ 3} Karen and William stayed at Troy's residence for approximately one and one-half hours. As they were leaving, William happened to glance into one of the bedroom windows. The light was on and Troy's eight-year-old son was lying on the bed. Appellant was straddling the child and was kissing his stomach. William turned and called out to Karen who had continued walking. When Karen returned, she looked through the window and saw that appellant's "oral tickling" had moved down to the victim's pelvis. According to Karen, appellant then pulled down the front of the child's pants, exposed the boy's genitals, and performed fellatio on him. Karen ran into Troy's home and told him what was happening. She then called the police.
 {¶ 4} Captain James J. Bogner of the Sandusky Sheriffs Office arrived at Troy's house and spoke with the eight-year-old victim. The boy told him that he was sleeping, felt something, woke up, and saw appellant's mouth "on his thing." After speaking with the child, Captain Bogner called Detective Captain James Consolo of the Sandusky County Sheriffs Office and turned the investigation over to him.
 {¶ 5} Detective Consolo spoke with appellant the next day. Appellant initially denied that he had performed fellatio on the child, but later admitted that he "had oral sex with the eight-year-old victim" on three occasions, commencing in March 2006. At the adjudicatory hearing held in this case, Consolo testified, without objection, that he *Page 3 
believed that the child victim's birth date was September 21, 1997. The detective also testified, without objection, that appellant was 14 years old at the time.
 {¶ 6} At the close of all evidence, the juvenile judge found, based upon the evidence presented, that appellant was a delinquent child, as alleged in the complaint. After holding a dispositonal hearing, the court committed appellant to the legal custody of the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed appellant's attainment of the age of 21. Appellant's commitment was stayed until he completed treatment at the Northern Ohio Juvenile Community Corrections Center.
 {¶ 7} Appellant timely appeals this judgment and asserts the following assignment of error:
 {¶ 8} "The trial courts [sic] finding of delinquency was against the manifest weight of the evidence by the states [sic] failure to prove an essential element of the charge."
 {¶ 9} In determining whether a verdict is against the manifest weight of the evidence, this court sits as a "thirteenth juror." State v.Thompkins (1997), 78 Ohio St.3d 380, 387. Thus, we review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id. In resolving conflicts in the evidence, we must determine whether the finder of fact "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. *Page 4 
 {¶ 10} Appellant was adjudicated a delinquent for a violation of R.C.2907.02 which reads, in pertinent part:
 {¶ 11} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies;
 {¶ 12} "(a) * * *
 {¶ 13} "(b) The other person is less than thirteen years of age whether or not the offender knows the age of the other person."
 {¶ 14} Appellant insists that the state failed to offer any proof, such as "evidentiary testimony by a parent, by direct examination of the victim, or documentary as in a birth certificate," that the victim in this cause was less than 13 years of age.
 {¶ 15} A number of witnesses testified that appellant's victim was an eight-year-old boy. The Sandusky County Juvenile Court Report lists the child victim's age as eight years old. Appellant never challenged the age listed in the report or any of the testimony provided at the adjudicatory hearing. Therefore, he waived the right to raise this issue on appeal. In re Sturm, 4th Dist. No. 05CA34, 2006-Ohio-3122 ¶ 20.
 {¶ 16} Appellant also intimates that the state failed to offer proper evidentiary proof of his age. Once again, appellant failed to raise this issue in the trial court, thereby waiving his right to raise it on appeal. Moreover, and assuming that appellant had raised the question of his age in the court below, this issue relates to the juvenile court's personal jurisdiction over a juvenile. See In re. Burton S. (1999),136 Ohio App.3d 386, 391. Personal jurisdiction is obtained by a court through service of process or a juvenile's *Page 5 
voluntary appearance or actions. Id., citing Mayhew v. Nova (1984),11 Ohio St.3d 154, 156. A lack of personal jurisdiction is waived when it is not raised in a responsive pleading or a motion filed before an answer. Id. (Citations omitted.) Because appellant did not raise the question of his age in a responsive pleading or motion prior to his answer, appellant waived his right to use an alleged lack of proper evidence of his age on appeal. In re Burton S., 136 Ohio App.3d at 391.
 {¶ 17} We have reviewed the transcripts of the adjudicatory and dispositional hearings and, after weighing the evidence and considering the credibility of the witnesses, we do not find that the trial court lost its way and created a manifest miscarriage of justice in its resolution of the case. Appellee presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense of rape was established beyond a reasonable doubt. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 18} The judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR. *Page 1