OPINION
{¶ 1} Andrea Pritchett appeals from the trial court's decision and entry sustaining a motion by Montgomery County Children Services ("MCCS") for permanent custody of her two minor children, T.P. and C.P.
 {¶ 2} Pritchett advances five assignments of error on appeal. First, she contends the trial court erred in finding that an award of permanent custody was in the best interest of the children. Second, she claims the trial court erred in finding that the children could not or should not be reunited with her within a reasonable time. Third, she asserts that the trial court erred in terminating her parental rights. Fourth, she alleges a denial of her constitutional right to the effective assistance of counsel prior to termination of her parental rights. Fifth, she contends the trial court's decision is against the manifest weight of the evidence and is not supported by clear and convincing evidence.
 {¶ 3} Upon review, we conclude that the trial court did not err in sustaining MCCS's motion. The record persuades us that the statutory requirements for terminating Pritchett's parental rights and awarding permanent custody to MCCS were satisfied. We also find no merit in Pritchett's argument that she was denied the effective assistance of counsel. Accordingly, we will affirm the judgment of the Montgomery County Common Pleas Court, Juvenile Division.
 I. Factual and Procedural Background {¶ 4} A representative of MCCS filed a complaint in May, 2001, alleging that Pritchett's two minor children, T.P. and C.P., were neglected and dependent. The complaint alleged that Pritchett's home was in a "deplorable condition" with "trash in the home, clothes everywhere, bathroom was not usable, no beds for the children, and no food in the house." It also alleged that Pritchett was drunk when visited by the MCCS representative, that she was being evicted, and that the home was being condemned. As a result, MCSS sought to have the children adjudicated neglected and dependent and to obtain temporary custody.
 {¶ 5} The trial court promptly appointed a guardian ad litem for the children, and a magistrate granted MCCS interim temporary custody pending a hearing. After appointing counsel to represent Pritchett and conducting the hearing, the magistrate adjudicated the children dependent and formally awarded MCCS temporary custody on August 29, 2001. The trial court adopted the magistrate's decision without objection from Pritchett. Upon motion of MCCS, the trial court subsequently extended its award of temporary custody in July, 2002, again without objections being filed. Later that month, MCCS moved for permanent custody of T.P. and C.P.
 {¶ 6} Following another hearing at which Pritchett was represented by counsel and the children were represented by a guardian ad litem, the magistrate filed a decision terminating Pritchett's parental rights and sustaining MCCS's motion for permanent custody. Pritchett filed timely objections, which the trial court overruled in a June 10, 2004, decision and entry adopting the magistrate's decision to award permanent custody to MCCS.[1] This timely appeal followed.
 II. Analysis {¶ 7} In order to terminate parental rights, a trial court must find by clear and convincing evidence that the statutory requirements of R.C. § 2151.414(B)(1) have been satisfied. In reNelson, Montgomery App. No. 19991, 2004-Ohio-268. That provision authorizes an award of permanent custody to the State if such award is in a child's best interest and at least one of the following applies:
 {¶ 8} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 • * * {¶ 9} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 10} In the present case, the magistrate filed separate decisions with regard to T.P. and C.P. The decisions contained the following identical findings:
 {¶ 11} "10. It is futile to attempt to reunify the child with the natural mother or natural father.
 {¶ 12} "11. The mother has significant substance abuse problems that have not been addressed.
 {¶ 13} "12. The mother is unable to demonstrate parenting skills.
 {¶ 14} "13. There are no relatives or non-relatives willing and able to accept legal custody of the child.
 {¶ 15} "14. The child has been in foster care since May 7, 2001. The child has been in foster care 12 or more months out of the last 22 months.
 {¶ 16} "15. The Agency has attempted to contact and involve the alleged father of the child with the reunification process.
 {¶ 17} "16. The alleged father has not provided any care, interest, or support for the child.
 {¶ 18} "17. The case plan was directed at the following and includes the following objectives: Mother — substance abuse treatment, to have appropriate housing and income, individual counseling and parenting time.
 {¶ 19} "18. Reunification of the child with the mother is not possible within a reasonable period of time because the mother has failed to demonstrate any dedication to becoming appropriate and parenting these children.
 {¶ 20} "19. The child was found to be dependent (2151.04) filed on August 27, 2001.
 {¶ 21} "20. The mother has failed to remedy the conclusions causing the child to be placed outside the home.
 {¶ 22} "21. The mother has failed to visit or communicate with the child.
 {¶ 23} "22. There is reasonable expectation of adoption.
 {¶ 24} "23. Mother did not complete the case plan as indicated.
 {¶ 25} "24. * * * [T]here is clear and convincing evidence that the child cannot be placed with the mother and father within a reasonable time because placement of the child with the mother would not be in the best interests of the child as the mother has not demonstrated that she has appropriate housing, nor has she demonstrated herself to be substance free and she has not shown any dedication to parenting these children as she has only attended 53% of her visits.
 {¶ 26} "25. * * * There is clear and convincing evidence that the child cannot be placed with the mother and father within a reasonable time because the child has been in foster care for more than 24 consecutive months and the mother has failed to complete her case plan in that time.
 {¶ 27} "26. The Guardian ad Litem recommends that Montgomery County Children Services be granted permanent custody of the child."
 {¶ 28} Based on the foregoing "findings of fact," magistrate concluded: (1) that the children could not be placed with either parent within a reasonable time and (2) that an award of permanent custody to MCCS was in the best interest of T.P. and C.P.
 {¶ 29} In its subsequent decision and entry, the trial court concurred with the magistrate's determination that the children had been in the temporary custody of MCCS for twelve or more of the past twenty-two months, that they could not be reunited with Pritchett within a reasonable time, and that an award of permanent custody to MCCS was in the best interest of the children.
 {¶ 30} In addition to adopting the magistrate's decision, the trial court stated:
 {¶ 31} "MCCS developed a case plan for the family to assist in reunification. As part of the case plan, Ms. Pritchett was required to complete substance abuse treatment, maintain appropriate housing and income, participate in individual counseling and to regularly visit with said child(ren). This Court finds that Ms. Pritchett failed to complete her case plan objectives, and therefore failed to continuously and repeatedly remedy the conditions causing the children to be placed outside the home. Specifically, this Court finds that Ms. Pritchett failed to complete substance abuse treatment by only attending one aftercare appointment. Ms. Pritchett was terminated from the program on February 20, 2003 for failure to cancel and reschedule an appointment.
 {¶ 32} "Ms. Pritchett indicated to MCCS that she obtained housing in June 2003, however, she denied MCCS access to her house to determine its appropriateness. Without verification of the conditions of Ms. Pritchett's housing, the Court concludes that Ms. Pritchett has failed to substantially complete the housing objective contained in the case plan. Further, this Court finds that Ms. Pritchett has failed to complete the counseling case plan objective.
 {¶ 33} "Also, this Court finds that Ms. Pritchett failed to regularly visit with her children. Ms. Pritchett was offered visitation on a weekly basis, however, she only attended 53% of the 125 separate visitations. Testimony at the hearing indicated that Ms. Pritchett failed to visit her children from the end of May 2003 through the hearing date of August 25, 2003. This Court finds that Ms. Pritchett has failed to demonstrate dedication and commitment to her children.
 {¶ 34} "Furthermore, this Court notes that the Guardian ad Litem recommends that MCCS be granted [permanent custody] of said child(ren).
 {¶ 35} "This Court finds that there is sufficient evidence that reunification with mother is not possible within a reasonable time, and that [it] is in the best interest of said child(ren) to have permanency in there [sic] lives." (Doc. #92 in JC Case #2001-2938, Doc. #97 in JC Case #2001-2943) (citations omitted).
 {¶ 36} Because of the substantial similarity of Pritchett's first, second, third, and fifth assignments of error, we will address them together.[2] In these assignments of error, she argues that termination of her parental rights was not in the best interest of T.P. and C.P., and that the children could be returned to her within a reasonable time, because she and the children are bonded to one another, she has secured employment with stable income and has suitable housing, she is not drinking, she has visited the children regularly, and she has substantially complied with the case plan and remedied the conditions that led to removal of the children from her home. As a result, she argues that the record lacks the requisite clear and convincing evidence to justify terminating her parental rights.
 {¶ 37} Upon review, we find Pritchett's arguments to be unpersuasive. The fundamental problem with her claims is that several of them are unsupported by the evidence before us. It is true that Pritchett has secured employment at a rate of $8.00 per hour, thereby satisfying one requirement of her case plan. It also is true that she and the children are bonded to one another. Pritchett's caseworker testified to that effect. Thus, the caseworker expressed her belief that it would be in the children's best interest, not to reside with their mother, but to be able to visit her. Notably, a foster parent has expressed an interest in adopting both T.P. and C.P. and has agreed to "work with Ms. Pritchett to maintain visitation."
 {¶ 38} As for the other arguments raised by Pritchett, the record simply does not support them. Although Pritchett contends she has suitable housing, she refused to allow the caseworker inside the home. When the caseworker attempted to conduct additional visits, no one answered the door. On at least one of these occasions, Pritchett knew the caseworker would be coming. Given the caseworker's inability to verify the existence of suitable housing, we find no error in the trial court's conclusion that Pritchett failed to demonstrate compliance with this aspect of her case plan.
 {¶ 39} Likewise, the evidence before us does not support Pritchett's claim that she is no longer drinking. In August, 2002, the caseworker detected the smell of alcohol on Pritchett while she was visiting T.P. and C.P. In early 2003, Pritchett underwent a urinalysis and tested positive for alcohol consumption. She then met with a chemical dependency counselor to establish an out-patient care program. Pritchett appeared for her intake assessment but missed her next appointment and never returned. Although the counselor offered to accommodate Pritchett's work schedule, Pritchett made no apparent effort to do so.
 {¶ 40} The record also does not support Pritchett's claim that she has maintained regular visitation with T.P. and C.P. Pritchett does not dispute that she appeared for only fifty-three percent of 125 weekly visits. Nor does she dispute failing to visit the children at all during the three months immediately preceding the permanent-custody hearing. Although Pritchett provided excuses for some of her absences, the trial court.
 {¶ 41} did not err in concluding that this poor visitation record evidenced a lack of commitment and dedication to the children.
 {¶ 42} In short, we have reviewed the entire record in this case, including the permanent-custody hearing transcript and all reports of the guardian ad litem, and we find clear and convincing evidence to support the trial court's determination that Pritchett failed to meet the requirements of her case plan, despite being given ample opportunity to do so, and that termination of her parental rights is in the best interest of T.P. and C.P. under R.C. § 2151.414(D).
 {¶ 43} As for Pritchett's argument that the children could be reunited with her within a reasonable time, we note that they have been in the temporary custody of MCCS for twelve or more months of a consecutive twenty-two month period. Under such circumstances, a trial court may award permanent custody without the need to determine whether a child can be placed with a parent within a reasonable time. See, e.g., In re Nelson, Montgomery App. No. 19991, 2004-Ohio-268, at ¶ 32. In any event, the trial court considered the issue and found that T.P. and C.P. could not be placed with Pritchett within a reasonable time. The record supports this conclusion. Given Pritchett's failure to remedy all of the conditions that caused the removal of her children and her failure to visit the children regularly, the trial court was justified in finding that they could not be returned to her within a reasonable time. See R.C. § 2151.414(E). Accordingly, we overrule her first, second, third, and fifth assignments of error.
 {¶ 44} In her fourth assignment of error, Pritchett alleges a denial of her constitutional right to the effective assistance of counsel prior to termination of her parental rights. In particular, she contends her attorney failed to explain the importance of testifying on her own behalf at the permanent custody hearing and asked leading questions that were damaging to her when cross examining a government witness.
 {¶ 45} Upon review, we conclude that the record fails to portray ineffective assistance of counsel. The familiar two-part test for establishing ineffective assistance in criminal cases is equally applicable in permanent custody proceedings. Jones v.Lucas County Children Services Bd. (1988), 46 Ohio App.3d 85,86. Thus, in order to prevail on her claim, Pritchett must establish that her attorney provided deficient representation and that counsel's deficient performance prejudiced her. State v.Bradley (1989), 42 Ohio St.3d 136; Strickland v. Washington
(1984), 466 U.S. 668. In order to establish prejudice, she must show a reasonable probability that but for counsel's deficiencies the result of the proceeding would have been different. Id.
 {¶ 46} Nothing in the record before us demonstrates that Pritchett's attorney failed to explain the importance of her testifying or that he provided deficient representation by not calling her as a witness. Following the State's case, Pritchett's counsel stated: "Your Honor, (unintelligible) discussions right now, I've explained to Andrea Pritchett that she has a — a right to testify here. And I'm not sure whether she wants to or not. As — as we sit here now Andrea, do you want to testify in this case?" Pritchett responded, "No." The transcript contains no other discussion of the issue.
 {¶ 47} Unfortunately for Pritchett, we have no way of knowing precisely what her attorney told her about testifying. The record also fails to reveal why Pritchett elected not to testify or what, if anything, she could have said to bolster her case if she had testified. It is possible that declining to testify was in Pritchett's best interest. As a result, we cannot find deficient representation based on counsel's discussion with Pritchett. Nor can we find prejudice based on counsel's failure to call her as a witness. Accordingly, we overrule Pritchett's fourth assignment of error.
 III. Conclusion {¶ 48} Having overruled Pritchett's assignments of error, we affirm the judgment of the Montgomery County Common Pleas Court, Juvenile Division.
Fain. P.J., and Wolff, J., concur.
[1] Neither child's father participated in the proceedings below, and the fathers are not parties to the present appeal.
[2] In her first assignment of error, Pritchett contends the trial court erred in finding that an award of permanent custody was in the best interest of T.P. and C.P. In her second, third, and fifth assignments of error, she incorporates by reference the facts, law, and argument set forth in her first assignment of error.