[Cite as *In re K.S.*, 2015-Ohio-4117.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE:

K.S. and K.S.

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 26701

Trial Court Case Nos. 2009-11660
2011-5411

(Juvenile Appeal from
Common Pleas Court)

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of October, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by DYLAN SMEARCHECK, Atty. Reg. No. 0085249, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Appellee

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Nowicki & Vonderwell, LLC, 120 West 2nd Street, Suite 333, Dayton, Ohio 45402
        Attorney for Appellant

MAUREEN MOLONEY, Atty. Reg. No. 0033567, 239 Green Street, Dayton, Ohio 45402
        Guardian ad Litem

. . . . . . . . . . . .

FAIN, J.

{¶ 1} G.S., the natural father of K.S. and K.S., appeals from a judgment granting permanent custody of the children to Montgomery County Children's Services (MCCS). G.S. contends that the juvenile court's decision is not supported by the evidence. He also contends that the court erred in relying upon the written report of the Guardian Ad Litem (GAL). He further claims that the court's finding that MCCS had made reasonable efforts to reunify the family was erroneous. Finally, G.S. contends that he was denied the effective assistance of counsel.

{¶ 2} We conclude that the juvenile court acted appropriately and in the best interests of the children. Both had been in the temporary custody of MCCS for at least twelve months before the agency filed for permanent custody. The evidence clearly and convincingly showed that a grant of permanent custody to MCCS was in their best interest. The evidence also shows that the agency made appropriate efforts toward reunification. Finally, the claim of ineffective assistance of counsel is not supported by the record. Accordingly, the judgment of the trial court is Affirmed.

**I. The Course of Proceedings**

{¶ 3} G.S. is the natural father of K.S. and K.S.[1] In January 2012, the children were removed from the home due to concerns about domestic violence and the mental health of the parents. The children were placed in the temporary custody of MCCS,

---

[1] The mother is not a party to this appeal.

following an adjudication that they were dependent. A case plan was initiated for G.S. MCCS moved for permanent custody in November 2013. A hearing was conducted in March 2014.

{¶ 4} Following the hearing, the magistrate issued a decision recommending that MCCS be awarded permanent custody of both children. G.S. filed objections thereto; the juvenile court overruled the objections, and adopted the magistrate's decision as the order of the court. G.S. appeals.

## II. There Is Evidence in the Record to Support the Judgment

{¶ 5} G.S.'s First Assignment of Error states as follows:

THE TRIAL COURT ERRED IN FINDING THAT CLEAR AND CONVINCING EVIDENCE SUPPORTED THE GRANTING OF PERMANENT CUSTODY.

{¶ 6} G.S. argues that because he showed substantial progress on his case plan objectives, the juvenile court erred in granting permanent custody to MCCS.

{¶ 7} R.C. 2151.414(B) sets forth the circumstances under which a court may grant permanent custody of a child to a children services agency. Pursuant to R.C. 2151.414(B)(1)(d), the court may grant permanent custody of a child to the agency if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the children services agency and that the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two

month period.[2]

{¶ 8} In this case, there is no dispute that the children have been in the custody of MCCS for well over twelve months at the time of the hearing. Therefore, we need only consider the issue of whether the evidence supports the juvenile court's findings regarding the best interest of the children.

{¶ 9} Under R.C. 2151.414(D), the finding of the best interest of the child requires a juvenile court to consider "all relevant factors." This includes the following:

(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;

(4) The need for a legally secure placement;

(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

---

[2] The State incorrectly refers to R.C. 2151.414(B)(1)(a) in arguing this issue. However, because the children were in the custody of MCCS for twelve or more months of a consecutive twenty-two month period, only R.C. 2151.414(B)(1)(d) applies.

{¶ 10} The children are currently in the same foster home. The evidence shows that they have been in this home since January 2012, and that they are bonded to their foster family and doing well. There was also evidence that G.S. loves the children, but that he does not have much of a bond with the children as the children have been in foster care for the majority of their lives, and because G.S. has failed to consistently visit with them. The evidence demonstrates that from March 2013 to March 2014, G.S. attended fourteen of fifty-two scheduled visits. He attended one visit in January 2014, and one visit in February 2014.

{¶ 11} While the children, both of whom were under the age of five at the time of the hearing, have not expressed their wishes, the GAL appointed to represent their interests has recommended that permanent custody be awarded to MCCS. G.S. desires to have both children returned to his care.

{¶ 12} The children have been in the care of MCCS for more than eighteen months prior to the filing date of the motion for permanent custody. The record demonstrates that the agency has been involved with this family since 2005. Indeed, G.S. has three older children who were removed from his custody due to concerns about housing, income and domestic violence. R.C. 2151.414(E)(11). G.S.'s parental rights were terminated with regard to one child who was subsequently adopted. Another child was placed in the legal custody of a non-relative. The third child is deceased; the child's death did not occur while in the care of G.S.

{¶ 13} Thus, a case plan has been in effect for G.S. since prior to the removal of K.S. and K.S., the children with which this appeal is concerned. That plan requires that

G.S. complete a domestic violence batterer's intervention program, address his mental health issues, complete parenting education, and obtain suitable housing.

{¶ 14} G.S. did not participate in the domestic violence program until 2013. He completed the program in December 2013. However, he continues to have disputes with the mother of the children, notwithstanding that they are no longer in a relationship. He also continues to get very agitated. Thus, MCCS considers this portion of the case plan only partially completed.

{¶ 15} In November 2013, G.S. did obtain suitable housing, which he rents from his parents.

{¶ 16} The record demonstrates that G.S. has been diagnosed with bipolar disorder and with personality disorder with attendant antisocial tendencies, both of which are among the most difficult conditions to treat. He was first diagnosed as bipolar when he was eight years old. Bipolar disorder can be controlled with medication, but can never be cured. Personality disorder requires a minimum of treatment/therapy twice weekly for two years. The evidence indicates that G.S. also has issues with managing his anger and emotions. He has significant depression, and has a history of suicidal behavior. There is credible, competent evidence in this record that these disorders are serious, and that they inhibit G.S.'s ability to take proper care of the children.

{¶ 17} The case plan regarding G.S.'s mental health issues requires that he remain on psychotropic medication, which he has done. However, he was also required to undergo intensive individual and group therapy. The record demonstrates that he has failed to consistently engage in therapy, and that he stopped attending all but his medical appointments. The court found that G.S. had failed to demonstrate a commitment to

consistent engagement in services necessary to address his mental health issues.

**{¶ 18}** Finally, G.S. did not complete the parenting education recommended by MCCS, but he did complete a different course.

**{¶ 19}** While G.S. testified that he was engaged in his case plan, and was complying with its requirements, the trial court, as trier of fact, was free to reject his claims. We conclude that the court did not act unreasonably in failing to credit his testimony.

**{¶ 20}** We will not reverse a juvenile court judgment regarding an award of permanent custody unless its decision is not supported by evidence sufficient to meet the clear and convincing standard of proof. *In re Z.W.*, 2d Dist. Montgomery No. 23657, 2010-Ohio-1619, ¶ 27. "Clear and convincing evidence" is that level of proof "which would cause the trier of fact to develop a firm belief or conviction as to the facts sought to be proven." *Cross v. Ledford*, 161 Ohio St. 469, 129 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 21}** We conclude that this record contains evidence that permitted the trial court to find, as it did, that awarding permanent custody to MCCS is in the best interest of the children. Accordingly, the First Assignment of Error is overruled.

## III. The Trial Court Did Not Err in Considering the Report of the Guardian ad Litem, and the Father Did Not Seek to Cross-Examine The Guardian ad Litem, who Was Present at the Hearing

**{¶ 22}** The Second Assignment of Error asserted by Father is as follows:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN

RELYING UPON THE WRITTEN REPORT OF THE GUARDIAN AD LITEM

IN MAKING ITS DECISION TO GRANT PERMANENT CUSTODY AS THE

SAME DENIED APPELLANT DUE PROCESS.

**{¶ 23}** G.S. contends that the trial court impermissibly relied upon the report of the Guardian Ad Litem in its decision regarding permanent custody. He notes that the magistrate, at the conclusion of the hearing on custody, mentioned that the report had been reviewed, but that it was not introduced into evidence. He further notes that the trial court proceeded to utilize portions of the report in its decision, which he contends violated his due process rights.

**{¶ 24}** In permanent custody proceedings the GAL is to recommend what is in the child's best interests. *In re Ridenour*, 11th Dist. Lake Nos. 2003–L–146, 2003–L–147, and 2003–L–148, 2004–Ohio–1958, ¶ 22. The GAL's recommendation is contained within a written report, which "shall be submitted to the court * * * but shall not be submitted under oath." R.C. 2151.414(C). The purpose of the report is "to give the court information, in addition to that elicited at the hearing, to assist it in making sound decisions concerning permanent custody placements." *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶ 13. Thus, the report is not considered to be evidence, and instead is intended to be submitted as "an independent source of information to guide the juvenile court in making its decision." *In re Ridenour*, 11th Dist. Lake Nos. 2003-L-146, 2003-L-147, 2003-L-148, 2004-Ohio-1958, ¶ 25. *See also In re K.W.*, 2d Dist. Clark No. 2013-CA-107, 2014-Ohio-4606, ¶ 17; *In re Robinson*, 5th Dist. Stark No. 2004-CA-94, 2004-Ohio-6142, ¶ 13. Since the juvenile court is entitled to rely on the report, despite any hearsay contained therein, due process requires that parties to the proceeding be

afforded an opportunity to cross-examine the GAL. *Hoffman*, at ¶ 25.

{¶ 25} In this case, the record shows that the parties were properly provided copies of the GAL report prior to the hearing. And the transcript reveals that the GAL was present at the trial, but did not testify. Either party was entitled to request that the GAL testify. At the conclusion of the hearing, the magistrate asked the GAL whether her recommendation to award permanent custody to MCCS had changed, to which the GAL responded in the negative. The magistrate then asked the parties whether they wished to present closing argument.

{¶ 26} G.S. did not object to the question presented to the GAL. At no time did G.S. request to cross-examine the GAL. Furthermore, he did not raise any issue regarding the GAL report, or the lack of cross-examination, in his objections to the juvenile court.

{¶ 27} In its decision, the juvenile court did note that the children are not bonded with Father, and that Father only has a "slight bond" with the children. Upon a review of the GAL report, it appears that the findings regarding bonding are based upon the GAL's own observations, rather than upon matters related by other individuals to the GAL. Thus, while the matter presents a question of hearsay, i.e., the GAL's written opinion, it does not constitute hearsay within hearsay. In other words, had Father elected to cross-examine the GAL, he could have elicited testimony from her regarding the basis for her conclusion on this issue.

{¶ 28} We conclude that Father has failed to preserve this issue for appeal. Furthermore, we find no prejudicial error.

{¶ 29} The Second Assignment of Error is overruled.

## IV.   The Trial Court Did Not Err in Finding that the Agency Made Reasonable Efforts towards Reunification

{¶ 30} G.S.'s Third Assignment of Error states:

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE AGENCY HAD MADE REASONABLE EFFORTS TO REUNIFY THE FAMILY.

{¶ 31} G.S. contends that MCCS did not make reasonable efforts to reunify the family.   In support, he argues that the mental health evaluation indicated that he would need to undergo twenty-four months of mental health treatment, which could not be completed in the time between his assessment and the date of the hearing.   He also claims that he was making progress on his treatment.

{¶ 32} We agree that the recommended treatment term exceeded the amount of time G.S. had from the date of the recommendation to the date of the hearing.   However, that ignores the actual issue.   MCCS made appropriate referrals for both evaluation and treatment.   G.S. failed to attend the treatment sessions.   This is not the fault of the agency, and does not represent a failure to attempt reunification.

{¶ 33}   The Third Assignment of Error is overruled.

## V. Trial Counsel's Failure to Object to Some Questions on Hearsay Grounds Did Not Rise to the Level of Ineffective Assistance of Counsel

{¶ 34} G.S.'s Fourth Assignment of Error provides as follows:

TRIAL COUNSEL PREJUDICIALLY PROVIDED INEFFECTIVE

ASSISTANCE OF COUNSEL TO APPELLANT.

{¶ 35} G.S. contends that trial counsel was ineffective because he failed to object to hearsay testimony during the hearing. G.S. cites us to nine pages of transcript, which he contends contain hearsay testimony.

{¶ 36} "R.C. 2151.352 and Juv.R. 4 establish a parent's right to counsel in termination proceedings." *In re S.A.*, 2d Dist. Clark No. 07-CA-110, 2008-Ohio-2225, ¶ 8, citing *Jones v. Lucas Cty. Children Serv.*, 46 Ohio App.3d 85, 86, 546 N.E.2d 471 (6th Dist. 1988). In determining whether that counsel was ineffective, we utilize the same test as that employed in criminal cases. *Id.* In order to prevail on a claim of ineffective assistance of counsel, the parent must demonstrate both deficient performance and resulting prejudice. *Id.*, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to show deficiency, the parent must show that counsel's representation fell below an objective standard of reasonableness. *Id.* Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance. *Id.*

{¶ 37} We have reviewed the pages of transcript cited by G.S. We first note that several pages involve questions about the mother of the children. Thus, we fail to find prejudice. Of the remaining pages, we note that only one appears to demonstrate a hearsay issue. On that page, the ongoing caseworker for MCCS testified that her records indicated that G.S. had been sporadic with regard to his attendance at individual counseling sessions. She had obtained this information from the institution where counseling was scheduled.

{¶ 38} Even if counsel was deficient for failing to object to this instance of hearsay,

G.S. has failed to show a substantial likelihood that hearsay objections would have changed the outcome. The record shows that the caseworker had contact with G.S. regarding his lack of attendance, which indicates that he had stopped all but medicinal treatment as of December 2013. Thus, there was other sufficient clear and convincing evidence presented during the hearing to support the juvenile court's finding that G.S. was not complying with treatment.

**{¶ 39}** The Fourth Assignment of Error is overruled.


## VI. Conclusion

All of G.S.'s assignments of error having been overruled, the judgment of the juvenile court is Affirmed.

. . . . . . . . . . . . .


HALL and WELBAUM, JJ., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Dylan Smearcheck
Marcy A. Vonderwell
Maureen Moloney
Hon. Nick Kuntz